**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HENENFENT,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS USA, Inc.,<br><br>Defendant. | Case No. 1:23-cv-00354-KES-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(ECF No. 46) |

Jeff Henenfent ("Plaintiff"), on behalf of himself and all others similarly situated, filed this action on March 9, 2023, against LG Electronics, USA ("Defendant"). (ECF No 1.) On May 24, 2023, Defendant filed a motion to compel arbitration and a motion to dismiss. (ECF Nos. 9, 10.) On March 27, 2024, findings and recommendations issued recommending holding Defendant's motion to compel arbitration and motion to dismiss in abeyance pending a summary trial. (ECF No. 40.) On April 18, 2024, the Court granted the parties stipulation for a stay of this action in light of a forthcoming settlement agreement between the parties. (ECF Nos. 41, 42.) On June 4, 2024, Plaintiff filed a notice of voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 46.)

Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.' " Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193

1

F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)).  The Ninth Circuit has held that Rule 41(a) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or motion for summary judgment.  Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993).  "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Commercial Space Mgmt. Co., Inc., 193 F.3d at 1078.

        **A.    Whether Dismissal Under Rule 41(a) is Appropriate After Motions Filed**

Courts do not generally consider a motion to dismiss to be an answer or a motion for summary judgment for purposes of Rule 41.  See Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) ("Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1)."); Post Tension Cables Inc. v. Actuant Corp., No. 2:19-CV-01455 RSL DWC, 2019 WL 6686679, at *1 (W.D. Wash. Nov. 12, 2019) ("Here, Defendant has not filed an answer or motion for summary judgment, and Defendant's Motion to Dismiss does not impact Plaintiff's ability to voluntarily dismiss this case."), report and recommendation adopted, No. 2:19-CV-01455 RSL DWC, 2019 WL 6683775 (W.D. Wash. Dec. 6, 2019); Kun Yuan Asset Mgmt. Co. Ltd. v. Su, No. 21-CV-06236-BLF, 2022 WL 206794, at *1 (N.D. Cal. Jan. 24, 2022) ("While Defendant has filed a motion to dismiss, this does not constitute an 'answer or a motion for summary judgment' under Rule 41(a)(1)(A)(i)."); see also Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000) ("A motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15."); Appling v. Serv. Mgmt. Sys., Inc., No. F06-1645 AWI LJO, 2007 WL 127973, at *1 (E.D. Cal. Jan. 12, 2007) ("Here, the Defendant did not file an answer, but instead filed a motion to dismiss and a motion to strike . . . Plaintiff was entitled to file his amended complaint as a matter of course under Rule 15(a).").

Accordingly, as no answer or motion for summary judgment has been filed, the notice of voluntary dismissal is effective under Rule 41(a)(1).

///

**B.     Whether Dismissal with Prejudice is Proper**

This action has been filed as a class action. However, no class has been certified, and Plaintiff dismisses the action with prejudice.

Pursuant to Rule 23(e) the claims, issues or defenses of a class that has been certified or is proposed to be certified for the purposes of settlement can only be settled, voluntarily dismissed, or compromised with the court's approval. Fed. R. Civ. P. 23(e). On December 1, 2003, Rule 23(e) was amended to allow the "parties to a proposed class action to stipulate to dismissal of the action without any judicial approval where the class has not yet been certified." Sample v. Qwest Commc'ns Co. LLC, No. CV 10-08106-PCT-NVW, 2012 WL 1880611, at *3 (D. Ariz. May 22, 2012); see also Appeals by named plaintiffs and defendants, 4 Newberg on Class Actions § 14:11 (5th ed.) ("Rule 23 requires judicial approval of the settlement of certified cases only."). "The Advisory Committee Notes to the 2003 rules amendments confirm that Rule 23(e) does not apply to settlements or dismissals that occur before class certification." Sample, 2012 WL 1880661, at *3 (quoting Fed. R. Civ. P. 23(e) advisory committee's note ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.").) "The drafters of the amendments intended to 'limit the reach of judicial approval' of voluntary dismissals of class action." Sample, 2012 WL 1880661, at *3 (quoting Alexandra N. Rothman, Bringing an End to the Trend: Cutting Judicial "Approval" and "Rejection" Out of NonClass Mass Settlement, 80 Fordham L.Rev. 319, 330 (citing Fed. R. Civ. P. 23, Summary of Proposed Amendments (Nov. 18, 2002) (explaining that approval "is not required if class allegations are withdrawn as part of a disposition reached before a class is certified, because in that case, putative class members are not bound by the settlement")). While the voluntary dismissal has been considered problematic, the revised rule does allow the parties to voluntarily dismiss the action without court approval where the class has not been certified. Sample, 2012 WL 1880661, at *3; see also Voluntary dismissal, 2 McLaughlin on Class Actions § 6:1 (17th ed.) ("where no class has been certified, voluntary dismissal or settlement of a putative class action in federal court is governed not by Rule 23, but by Rule 41 of the Federal Rules of Civil Procedure".)

As no class has been certified in this action, the putative class members are not bound by the settlement and dismissal of this action. Therefore, the Court construes Plaintiff's notice of dismissal to be with prejudice as to himself and without prejudice as to the putative class members.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a). It HEREBY ORDERED that all pending dates and matters are vacated.

IT IS SO ORDERED.

Dated:   **June 5, 2024**

UNITED STATES MAGISTRATE JUDGE